# In the United States Court of Federal Claims

No. 20-712C
(Filed: January 29, 2021)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SNJEZANA COYNER,

       *Petitioner*,

v.

THE UNITED STATES,

       *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## OPINION

    This is an action brought by an employee of the United States Department of Veteran's Affairs ("VA"). Plaintiff is a nurse. The complaint consists of four counts. The first two assert claims for overtime and compensatory time. The third and fourth counts concern a relocation incentive she received to move to Grand Junction, Colorado.

    Pending is defendant's motion to dismiss counts III and IV of plaintiff's complaint.[1] The motion is fully briefed. We find that oral argument is not necessary. Counts III and IV allege that the United States Department of Veterans Affairs committed a prohibited personnel practice under the Back Pay Act, 5 U.S.C. § 5596 (2018), when the agency required Ms. Coyner to pay back a portion of her Relocation Service Agreement ("RSA"), resulting in a loss of statutorily mandated pay (count III) and, or alternatively, a breach of contract (count IV). For the reasons that follow, defendant's motion to dismiss count IV of plaintiff's claim is granted, but we grant leave for plaintiff to amend her complaint as to count III.

---

[1] Defendant indicated in its motion that it intends later to file a second motion to dismiss in response to counts I and II of plaintiff's complaint.

BACKGROUND

The background is drawn from the complaint and the exhibit attached to plaintiff's response. Plaintiff has been employed by the VA since 2008. During the time of this action, plaintiff was employed as a registered nurse under 38 U.S.C. § 7401 (2018), and she was paid on an hourly basis. Plaintiff accepted the position of Associate Chief Nurse ("ACN") for VA Care in the Community in Grand Junction, Colorado in June 2018. She began serving in that position on the pay period beginning June 24, 2018. As an inducement to accept the position, plaintiff signed an RSA which stated in part that,

> [a]s a condition of being paid a relocation incentive of $32,566.00 to the position of Associate Chief Nurse for VA Community Care (VACC), Grand Junction Veterans Healthcare System, Grand Junction, Colorado effective June 24, 2018. I agree to serve 3 years (78 bi-weekly pay periods) of employment with the Department of Veterans Affairs and, in the event of a transfer of function, to complete all remaining obligated service with the successor agency.

Pl.'s Resp. Ex. 1 at 1 (ECF No. 8-1).

The RSA allowed the agency to terminate the agreement even where a term of the agreement was not violated: "I understand that VA may unilaterally terminate this agreement based solely on the management needs of VA." *Id.* Additionally, the agreement provided for mandatory termination under certain circumstances: "I understand that this agreement will be terminated if I . . . fail to fulfill other terms of this agreement (such as by reducing my work hours or changing positions)."[2] *Id.* The agreement also required plaintiff to repay the bonus if mandatory termination occurred or if she received a relocation payment that was in excess of the completed portion of service. The agreement stated that, under those circumstances, she agreed that the refund amount would be "a debt due the United States, which I hereby agree to pay in full as directed by VA . . . ." *Id.*

---

[2] The agreement states that "[i]f this occurs, I am entitled to retain incentive payments previously paid by VA that are attributable to the completed portion of the service period." Pl.'s Resp. Ex. 1 at 1.

On July 15, 2019, Ms. Coyner notified her supervisor that she had accepted a position as a Nurse Consultant for the VA, Office of Inspector General.³ Her last day of employment as the ACN in Grand Junction was August 3, 2019. She started her new position as a Nurse Consultant on August 4, 2019. Plaintiff was then informed by the Chief Financial Manager that she would be required to repay a pro-rated portion ($20,895.64) of the incentive bonus because the "intent of the agreement was that the relocation bonus was for a 3 year service agreement as the [Associate Chief Nurse for VA Community Care (VACC)]." Compl. ¶ 31. (ECF No. 1).

Plaintiff disputes that assertion, claiming that both the language of the RSA as well as her discussions concerning the intent of the RSA indicated that, if she remained employed anywhere by the VA in any capacity, then repayment of the incentive bonus would not be necessary. Because her new position was with the VA, she argues that repayment is not mandated. Nevertheless, she contends that she repaid the pro-rated portion because the VA required her to do so. Plaintiff claims that the agency's decision to demand repayment subjected her to an unwarranted personnel action because it was inconsistent with the applicable statute, or alternatively, constituted a breach of contract. She seeks a declaratory judgment that the agency's action was illegal although she also asks the court to award pre-judgment interest on any damages to which she is entitled, along with an adjustment for any negative State and Federal Income Tax consequences she may incur or has already incurred because of repayment of the relocation incentive.

DISCUSSION

The government argues that counts III and IV of Coyner's complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. As the counts are currently framed, we agree.

I.   Count III

Count III of the complaint alleges that the Government subjected Ms. Coyner to an "unjustified or unwarranted personnel action" within the meaning of the Back Pay Act, 5 U.S.C. § 5596, entitling her to damages, interest, and attorney's fees. Count III does not elaborate the nature of the unwarranted personnel action, which prompts the government to argue that

---

³ Neither plaintiff's complaint, defendant's motion, or her response detail the location of her new position.

3

the count is jurisdictionally deficient because the Back Pay Act "is not itself a jurisdictional statute." *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). Rather, as the government correctly points out, for a plaintiff to rely on the Back Pay Act, she must also "demonstrate that the alleged unjustified or unwarranted personnel action specified in the Back Pay Act violated a statute or regulation covered by the Tucker Act." *Jones v. United States*, 17 Cl. Ct. 78, 82 (1989) (internal citations omitted).[4]

In her response, plaintiff claims that the relevant statutory provision is the relocation bonus statute, which appears at 5 U.S.C. § 5753 (2018), in combination with the statute's implementing regulations concerning payment of relocation incentives, 5 C.F.R. § 575 (2020). In anticipation of the government's reaction to this tweaking of the complaint, plaintiff acknowledges that the statute and regulations give discretion to the agency as to whether and on what terms to grant an incentive payment. However, she contends that, when the RSA was executed pursuant to these otherwise discretionary provisions, the agency's agreement resulted in an enforceable mandate to pay her money.

Defendant's reply elaborates further on its argument.[5] The government's jurisdictional argument, as plaintiff anticipated, is that neither the statute nor the regulations are money mandating because they leave too much discretion to the agency, citing several decisions on related, though not entirely identical, circumstances or statutes. Plaintiff's real argument is that, despite the discretionary nature of both the grant of an incentive and its terms, once granted, the incentive agreement becomes a contract. As

---

[4] Plaintiff argues that defendant's citation to *Jones* is inapplicable because it concerned the United States Post Office and this case concerns the VA; however, *Jones* still stands for the proposition quoted above.

[5] It begins by pointing out the difference between count III of the complaint, as plead, and the arguments made in plaintiff's response brief, arguing that the court should dismiss on that basis alone. We decline to do so. Notice pleading requirements have been satisfied. It is well settled that Federal Rule of Civil Procedure 8(a)(2) only requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

plaintiff puts it:

> Thus, while the Statute and Regulations may initially be discretionary and permit an agency to decide whether to offer relocation incentive pay and to determine the amount to offer and length of service to require for payment to vest, the same Statute and Regulations become mandatory upon meeting the contingencies to put the agreement in a written service agreement. Once the written service agreement is entered into, the agency cannot shirk its legal obligation.
>
> . . . .
>
> [T]his Court should find that it [sic] the RSA, in its current form is a [sic] based upon a money mandating statute, and as such, the Court has jurisdiction over this matter.

Pl.'s Resp. at 14-15. This posture of the argument is confirmed in the parties' positions with respect to the regulations under 5 U.S.C. § 5753, which make it plain that the agency can terminate or limit the payment terms of an RSA under a number of circumstances.[6] Although the government relies on these limitations to show the discretionary nature of the award, this argument does not address plaintiff's point, namely, that once in place, the award is contractually binding. If the limitations on payment argued by the government were relevant here, presumably the government could have attempted to demonstrate their application. It chose not to do so.

In short, nevertheless, count III offers no theory of jurisdiction independent of count IV, plaintiff's contract count. For that reason, it is unnecessary to explore the reach of the decisions upon which defendant relies, or the merits of the agency's application of regulatory limitations. Plaintiff, in its briefing, has made count III indistinguishable from count IV, which, as we explain below, does not support jurisdiction.

Plaintiff's defense of count III as set out in its response brief would prompt granting defendant's motion. As we explained above, plaintiff has

---

[6] Indeed, the agreement provides that the agency had the right to terminate the agreement even where a term of the agreement has not been violated or if the employee "fail[ed] to fulfill other terms of this agreement (such as by reducing my work hours or changing positions)." Pl.'s Resp. Ex. 1 at 1.

chosen to explain its "money mandating statute" theory in a way that merely restates its ineffective contract argument. Count III of the complaint, generously read, however, permits a reading that invokes a different Tucker Act claim of "illegal exaction." We note as well that both parties make oblique reference to whether the agency had the right, under applicable regulations, to recover the monies at issue, without squarely addressing whether the recovery was lawful.[7] We therefore withhold dismissal of count III for now and permit plaintiff to amend her complaint to clearly set out such a claim, if she so chooses.[8] Thus, in the interest of justice, we will afford her the opportunity to amend count III of her complaint.

II.  Count IV

Count IV of the complaint alleges that the RSA agreement was binding for both the agency and plaintiff and that the VA breached its agreement while plaintiff adhered to the terms of the agreement because she remained in service with the VA. Plaintiff contends that defendant breached the terms of the RSA by requiring her to return the incentive funds given to her, and plaintiff adds in her response that the government breached an implied contract by failing to let plaintiff know about the tax implications of its actions.

The government argues that the RSA was not an enforceable contract because the relationship between plaintiff and the agency is governed

---

[7] Plaintiff argues that the RSA statute and implementing regulations limit the VA's discretion to reclaim RSA payments and that, here, that authority was exceeded. The allegation that a federal entity has taken money without legal right is a claim for illegal exaction. *See generally Eastport Steamship Corp. v. United States*, 372 F.2d 1002 (Ct. Cl. 1967). A Tucker Act claim "may be made for recovery of monies that the government has required to be paid contrary to law." *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). The Federal Circuit continued, "The Tucker Act provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power." *Id.* at 1573. The court has recently further clarified that the underlying statute or regulation alleged to have been violated need not be "money mandating" to support jurisdiction for a claim of illegal exaction. *Boeing Co. v. United States*, 968 F.3d 1371, 1384 (Fed. Cir. 2020).

[8] Granting such leave is not an endorsement by the court that the present facts meet the jurisdictional requirements of such a claim.

exclusively by statute and regulations rather than contract principles. "[A]bsent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (quoting *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985)). Thus, if the worker is an appointed employee, "a breach of contract action against the government would be precluded." *Hamlet v. United States*, 873 F.2d 1414, 1417 n.5 (Fed. Cir. 1989).

Plaintiff was an appointed employee, and therefore, she did not have a contractual relationship with the agency. She is a registered nurse within the meaning of 38 U.S.C. § 7401, a statute specifying that the Secretary of Veterans Affairs appoints individuals to this position.[9] 38 U.S.C. § 7401. Further, plaintiff was required to be an "employee" within the meaning of 5 U.S.C. § 2105, in order to receive this relocation bonus, and this section defines "employee" as an individual appointed in the civil service. 5 U.S.C. § 2105(a)(1) (2018).

Plaintiff argues in her response that the relocation agreement was in addition to, and not part of, her employee agreement with the agency, citing in support our decision in *Lawrence v. United States*, 69 Fed. Cl. 550, 556 (2006), which recognized that a relocation "agreement does not confer employment but merely conditions [her] receipt of travel and relocation expenses." *Id.* Further, plaintiff argues that, while the court in that case found it lacked jurisdiction to hear a breach of an employment contract claim brought by an appointed employee, it did not foreclose an employee's claim for breach of a relocation agreement.[10]

---

[9] Plaintiff's complaint states that she was "employed as a Registered Nurse within the meaning of 38 U.S.C. §§ 7401(1) . . . ." Compl. ¶ 6.

[10] Plaintiff also contends that this court's predecessor asserted jurisdiction over a breach of contract claim regarding relocation expenses under 5 U.S.C. § 5724 (2018), in *Finn v. United States*, 192 Ct. Cl. 814 (1970), and thus a breach of employment contract claim is properly here. However, plaintiff's reliance on *Finn* is misplaced as the court in that case did not assert jurisdiction over the breach of contract claim for relocation expenses. Instead it recognized that the federal employee's claim was governed by statutory terms and not contract principles. *Id.* at 820-21.

The government replies that plaintiff's interpretation of *Lawrence v. United States*, is misguided.  We agree.  The plaintiff in *Lawrence* was an appointed employee and had a relocation agreement with the government which he claimed created a contractual obligation with the government.  If the court in *Lawrence* contemplated that it would have jurisdiction over a contract claim for a relocation agreement, then the court would have analyzed the agreement for relocation expenses as a contract.  It did not do so, however.  The court in *Lawrence* found that it lacked jurisdiction over the breach of contract claim because such claims are precluded for appointed employees.  *Lawrence*, 69 Fed. Cl. at 556.

Additionally, plaintiff's attempt to make a distinction between an employment agreement and the RSA fails under *Adams v. United States*, 391 F.3d 1212 (Fed. Cir. 2004).  In *Adams*, the Federal Circuit held that agreements or "compacts" between an appointed employee and the government, created in the course of the employment relationship, are not effective contracts because an appointed employee's rights are governed by statute and not by "ordinary contract principles."  *Id*. at 1221.  Courts have refused to apply contract principles under these circumstances, even where the government has promised certain "employment benefits."  *Id.* Plaintiff's relocation incentive is an employment benefit created by statute and regulation and effectuated by an RSA as required by 5 U.S.C. § 5753.

We find that the court lacks jurisdiction to hear plaintiff's breach of contract claim because a contractual relationship between plaintiff and the agency does not exist, and the RSA is not governed by contract principles.

CONCLUSION

Plaintiff has failed to show that a contractual relationship can exist under the asserted circumstances, thus her breach of contract claim fails for lack of jurisdiction.  Accordingly, the government's motion to dismiss count IV of plaintiff's complaint is granted.  However, we withhold dismissal of count III for now and permit plaintiff to amend her complaint to attempt to set out a claim for illegal exaction, if she so chooses.  If plaintiff chooses to amend the complaint, such amendment shall be due on or before February 19, 2021.

s/Eric G. Bruggink
Eric G. Bruggink
Senior Judge
